UNITED STATES
DISTRICT COURT
EASTERN DISTRICT OF
MISSOURI

| | |
|---|---|
| **DEBORA SPANN,** ) | |
| ) | |
| Plaintiff, ) | Cause No. 4:21-cv-405 MTS |
| ) | |
| v. ) | |
| ) | |
| **NEIGHBORS CREDIT UNION** ) | |
| ) | |
| Defendant. ) | |

**NEIGHBORS CREDIT UNION'S MEMORANDUM IN SUPPORT
OF ITS VERIFIED BILL OF COSTS**

**I.    INTRODUCTION**

On August 16, 2022, the Court entered its Judgement in favor of Defendant, Neighbors Credit Union ("NCU") on all claims of Plaintiff Debora Spann ("Plaintiff" or "Spann"). Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 8.03, NCU is now entitled to recover its costs as the prevailing party. The total bill of costs is $1,564.47.[1]

---

[1] The Declaration submitted with on this Court's Bill of Costs form (AO-133) satisfies the requirement of an affidavit under 28 U.S.C. § 1924. Jacobson Warehouse Co., Inc. v. Schnuck Markets, Inc., No. 4:17-CV-00764 JAR, 2020 WL 853736, at *2, n. 2 (E.D. Mo. Feb. 20, 2020) citing Am. Equity Ins. Co. v. Recycling Res., No. 4:03CV00711 ERW, 2005 WL 1798061, at *1 (E.D. Mo. July 27, 2005). If this Court determines that a separate affidavit is required, Neighbors Credit Union respectfully requests leave to submit such an affidavit.

1

## II.   DISCUSSION

### A.   NCU Is Entitled To Costs Pursuant To Federal Law

Rule 54(d) expressly entitles the prevailing party to recover costs:

> Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.

Fed. R. Civ. P. 54(d)(1). In Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 440 (1987), the Supreme Court articulated that recoverable costs include those codified by 28 U.S.C. § 1920, which states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)   Fees of the clerk and marshal;
>
> (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)   Fees and disbursements for printing and witnesses;
>
> (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5)   Docket fees under section 1923 of this title;
>
> (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

The Court has discretion under § 1920 to "tax as costs" fees issued by clerks, fees related to making copies, necessary printed or electronically recorded transcripts, and expert witness fees. Stanley v. Cottrell, Inc., 784 F.3d 454, 464 (8th Cir. 2015). Additionally, the Eighth Circuit has

2

recognized a prevailing party's ability to recover costs for both printed and electronically recorded transcripts:

> Based on the language of the statute, the context in which it uses the word "or," and its broader context, we conclude that § 1920(2) permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case.

Id. at 467. (citations omitted). Similarly, this Court has held that the fact "[t]hat neither the videotapes nor many of the deposition transcripts were actually used in relation to Defendant's motion for summary judgment will not by itself bar an award of costs, because at the time of the depositions, it was reasonable to believe that depositions of these witnesses would be necessary at trial." Nat'l Ben. Programs, Inc. v. Express Scripts, Inc., No. 4:10CV00907 AGF, 2012 WL 2326071, at *2 (E.D. Mo. June 19, 2012).

### B.  Specific Costs Incurred

#### 1.  Fees Of The Clerk

Plaintiff Debora Spann ("Ms. Spann") initiated these proceedings in state court under the Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. NCU, then timely removed her lawsuit to this Court. This required NCU to pay a removal filing fee of $402.00. (EX 1). NCU respectfully requests the Court to award the total cost of the removal filing fee. Chism v. New Holland N. Am., Inc., No. 2:07CV00150 JTR, 2010 WL 1961179, at *3 (E.D. Ark. May 13, 2010)("the removal fee required by 28 U.S.C. § 1446(d) has been explicitly recognized as a taxable 'fee of the clerk' under 28 U.S.C. § 1920(1)").

#### 2.  Fees For Printed Or Electronically Recorded Transcripts Necessarily Obtained For Use In This Case

"[D]eposition costs will be taxed as having been necessarily obtained for use in the case within the meaning of 28 U.S.C. § 1920." Cramer v. Equifax Info. Servs., LLC, No. 4:18-CV-

3

1078-SEP, 2020 WL 887996, at *4 (E.D. Mo. Feb. 24, 2020) (quoting Meder v. Everest & Jennings, Inc., 553 F. Supp. 149, 150 (E.D. Mo. 1982))." NCU deposed Ms. Spann on April 5, 2022 as she was a necessary party and her testimony was necessary to the case.

Ms. Spann deposed NCU's employees and recorded those depositions stenographically, however the deposition itself was done by an electronic streaming service due to continuing COVID-19 protocols on May 11, 2022. Because NCU reasonably believed that Ms. Spann may use the transcripts of NCU's employees at trial, NCU similarly requested a transcript copy of those depositions in order to be able to show the jury the same kind of evidence regarding the context and full response of the witness. These depositions were all relied upon in the preparation of NCU's Motion for Summary Judgment. NCU expended a total of $930.51 to obtain printed or electronically recorded transcripts. (EX 2 and 3).

### 5. Other Costs

To facilitate Ms. Spann's deposition and verify the information alleged by Plaintiff regarding her medical conditions alleged as a result of her working conditions, NCU expended a total of $204.37 for the costs of obtaining medical records from two different facilities who treated Plaintiff during the relevant time periods alleged. (EX 4 and 5). Furthermore, NCU utilized information contained therein in their Motion for Summary Judgment. As such, NCU respectfully requests the Court to award the total cost of the medical records. See Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 364 (8th Cir. 1997) (where the 8th Circuit found no abuse of discretion in the district court's award of costs incurred for obtaining Plaintiff's medical records).

Additionally, NCU expended $27.59 in costs incurred to have the video exhibit (DKT #41, Ex 15; DKT 42 and 43) sent to the court. (EX 6). This video exhibit was cited to by NCU in its summary judgment motion as well as by Ms. Spann in her Response in Opposition. Because there

was no other means to have this video provided to the Court in a meaningful and expedited manner, NCU was required to expend such costs. See Bresgal v. Brock, 637 F. Supp. 278, 280 (D. Or. 1985) (prevailing party was entitled to awards of postage costs where those costs were expended to provide an expedient means to provided document within the time limitations established by the court).

### III.   CONCLUSION

For the foregoing reasons, NCU respectfully requests that this Court order the Clerk to tax costs, as detailed in NCU's Bill of Costs filed herewith, against Ms. Spann.

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Arturo A. Hernandez III
James N. Foster Jr., ARN 28231 MO
Arturo A. Hernandez III, ARN 59684 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hernandez@mcmahonberger.com

## **CERTIFICATE OF SERVICE**

      I certify that on August 19, 2022, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Missouri by using the CM/ECF system and that a copy of the foregoing will be served by the CM/ECF system on counsel of record as indicated by the CM/ECF system:

Jaclyn M. Zimmermann, #57814MO
jmz@ponderzimmermann.com
20 South Sarah Street
St. Louis, MO 63108
Phone: 314-272-2621
FAX: 314-272-2713

                                                /s/ Arturo A. Hernandez III